RAVEN v. WAYNE COUNTY BOARD OF SUPERVISORS.

1. MANDAMUS—CIVIL SERVICE—WORDS AND PHRASES—"REINSTATE-MENT".
   The term "reinstatement" posits a prior appointment and removal; thus plaintiff could not obtain reinstatement as acting county medical examiner by mandamus in absence of a showing that she had been appointed to that position and then removed.

2. STATUTES—CIVIL SERVICE—TEMPORARY APPOINTMENT—"HEAD OF DEPARTMENT".
   Plaintiff who was appointed acting county medical examiner by committee of board of supervisors was not temporary appointee under statutory provision for temporary appointment pending regular appointment to civil service position since "head of department" authorized by statute to make temporary appointment was full county board of supervisors and the board did not act as a body to appoint plaintiff to temporary position (CLS 1961, § 38.413).

Appeal from Wayne, Martin (George T.), J. Submitted March 4, 1968, at Detroit. (Docket No. 4,059.) Decided July 24, 1968.

Complaint by Clara Raven against the Wayne County Board of Supervisors, and the Sheriff and Medical Examiner Committee of the Wayne County Board of Supervisors for mandamus to compel a hearing by defendant medical examiner committee before making recommendation to board for appointment of medical examiner and motion for dis-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Mandamus §§ 237, 238.
[2] 42 Am Jur, Public Officers §§ 90, 91, 96.

covery of records. Motion for discovery denied and accelerated judgment of dismissal granted. Plaintiff appeals. Affirmed.

*Sugar, Schwartz & Silver,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *Lawrence O. Hinkle,* Assistant Prosecuting Attorneys, for defendants.

T. G. KAVANAGH, P. J. Upon the death of the Wayne county medical examiner, plaintiff herein was notified by the clerk of the medical examiner committee of the defendant Wayne county board of supervisors that she had been designated acting medical examiner.

Subsequently the defendant board directed the sheriff and medical examiner committee of the board to hold hearings to review qualified applicants for the position of medical examiner for the purpose of making a recommendation to the board regarding a temporary appointment to that position.

The sheriff and medical examiner committee set a hearing for this purpose from which hearing plaintiff was absent, and at the conclusion thereof recommended that another person be appointed acting medical examiner. Upon receipt of the committee's recommendation the board directed the committee to hold another hearing and afford plaintiff opportunity to appear and be heard. This was done and after the second hearing the committee declined to change its recommendation. Plaintiff then obtained an *ex parte* order restraining defendant board from meeting, but on the following day, the day of the scheduled meeting, the restraining order was set aside and the board met and appointed another acting medical director.

A hearing on plaintiff's complaint was set by the circuit court and the court denied plaintiff the relief prayed for, *viz:*

1. "Reinstatement" as acting medical director.

2. Discovery of evidence allegedly used as the basis for the committee's recommendation.

3. Order setting up a fair hearing before the committee to permit plaintiff to present evidence to be considered by the committee in making another recommendation to the board.

Plaintiff appeals this denial.

"Reinstatement" posits a prior appointment and removal. We are not persuaded there was such an appointment and removal.

CLS 1961, § 38.413 (Stat Ann 1968 Cum Supp § 5.1191[13]), which provides for appointment to fill a position in competitive civil service permits the "head of any department" to make a "temporary appointment" for 60 days or less pending a "regular appointment" to such position.

The full board of supervisors in this instance is the "head of [the medical examiner] department." The board had never acted as a body to appoint plaintiff to the temporary position. The hearings, initially ordered by the board and conducted by the committee for the purpose of making recommendations, were neither prescribed nor required by statute. The temporary appointment could have been made by the board without such hearings. There is no certainty that the full board made its appointment based on these recommendations, or that plaintiff has lost anything by that appointment beyond the opportunity for promotion. She has not, by the hearings, been deprived of something to which she has a right and therefore any complaint arising from those hearings, which may or may not have affected her, is not properly directed

against the Wayne county board of supervisors nor the committee. Petition for writ of mandamus is hereby denied.

Burns and Fitzgerald, JJ., concurred.